No. 26,506.

THE STATE OF KANSAS, *Appellee*, v. LENNIE LYONS, alias L. A. LYONS et al., *Appellants*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Evidence—Sufficiency*. There was evidence sufficient to support a verdict finding the defendants guilty of violating the intoxicating liquor laws of this state.

2. SAME—*Instructions*. There was no error in the instructions given.

3. SAME—*Instructions—Circumstantial Evidence*. It was not error to fail to give an instruction concerning circumstantial evidence.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed February 6, 1926. Affirmed.

*Edward T. Riling* and *John J. Riling*, both of Lawrence, for the appellants.

*C. B. Griffith*, attorney-general, *C. A. Burnett*, assistant attorney-general, and *George K. Melvin*, county attorney, for the appellee; *R. E. Melvin*, of Lawrence, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendants, Lennie Lyons, Doctor Hemphill, and Zephyr Carpenter, appeal from a judgment convicting them of violating the intoxicating liquor laws of this state. Lennie Lyons and Zephyr Carpenter were convicted of having intoxicating liquor in their possession. Doctor Hemphill was convicted of having intoxicating liquor in his possession and of transporting intoxicating liquor from one point to another within Douglas county.

1. The first matter urged is that the evidence was insufficient to support a conviction against any one of the defendants. On February 6, 1925, the three defendants in an automobile owned by Lennie Lyons left Topeka about five o'clock in the afternoon and went to Kansas City, where they remained until after eleven o'clock, when they started back to Topeka. At Big Springs, the car in which they were riding was wrecked in a collision with an interstate automobile bus and each of the defendants was injured. The sheriff of Douglas county went to the place of the accident, reached there about 4 or 4:30 a. m., searched the wrecked car that had been driven by the defendants, and found ten gallons of intoxicating liquor in ten different receptacles. Lennie Lyons drove the car part of the

Criminal Law, 16 C. J. p. 1009 n. 6. Intoxicating Liquors, 33 C. J. pp. 759 n. 98, 761 n. 53, 790 n. 35, 791 n. 43.

time and Doctor Hemphill drove it the remainder of the time. Zephyr Carpenter did not drive the car at any time. There was evidence on behalf of the defendants which tended to show that none of them knew anything about the intoxicating liquor being in the car. The evidence was sufficient to sustain the verdict of the jury.

2. Instructions are complained of. They were as follows:

"7. In order that a person may be in possession of intoxicating liquor under the law, he must have corporeal possession thereof, in fact. This does not mean necessarily that such person shall have the liquor on his person or in his hand; it is sufficient if such person have the right to keep or control the liquor as against other persons who might claim the same. (*But a person is not in the possession simply because he happens to know of the presence of intoxicating liquor at some place, unless he is in a position to substantiate some lawful claim to such liquor.*)

"8. If you believe one of the defendants was the owner of the alleged intoxicating liquors found in the wrecked car, or was entitled to the possession thereof, such defendant may be convicted of the offense charged in the first count; and if you also believe from the testimony, that said defendant operated or drove the said car, knowing that there was intoxicating liquor therein, or if the car was driven by some other person with the knowledge, or at the suggestion or permission of such defendant, you may convict such defendant of transporting of intoxicating liquor, as charged in the second count of the information."

It is urged that the italicized part of instruction No. 7 is clearly erroneous and misleading. With that, the court does not agree. The court does not perceive any error in instruction No. 8. The judgment cannot be reversed on account of these instructions.

3. No instruction concerning circumstantial evidence was given. None was requested. It is urged that the failure to give such an instruction was error for which the judgment should be reversed. The evidence was not all circumstantial; most of it was direct and positive. It was not error to fail to give an instruction concerning circumstantial evidence.

The judgment is affirmed.